UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-61426-CIV-HUCK/O'SULLIVAN

ALVIN BELL,

    Plaintiff,

v.

KEN JENNE *et al.*,

    Defendants.
_____/

## ORDER GRANTING SUMMARY JUDGMENT

This Matter is before the Court on the Defendants' Motion for Summary Judgment (D.E. # 18) filed February 16, 2010.  For the following reasons, summary judgment is granted in favor of the Defendants, and the case dismissed with prejudice.

## I. FACTS

The facts necessary to resolve the Motion are not in dispute.  On July 17, 2009, Plaintiff Alvin Bell brought an action in state court–which Defendants subsequently removed to this Court–alleging violations of 41 U.S.C. § 1983, conflict of interest, malicious prosecution, false imprisonment and negligence arising out of an altercation that took place on May 5, 2004 while Defendant was incarcerated in the Broward County Jail. (Compl., attached as Ex. B to Notice of Removal (D.E. # 1).)  As a result of the incident Plaintiff was arrested on April 28, 2005 and charged with (1) felony battery on a law enforcement officer, and (2) misdemeanor obstruction and resisting without violence. (Defs.' Mot. for Summ. J. at 1-2.)  Plaintiff was arraigned on July 15, 2005. (Defs.' Reply to Pl.'s Resp. to Defs.' Mot. for Summ. J. (D.E. # 36) at 3.)  On March 6, 2007, Plaintiff was convicted of obstruction and resisting without violence, and acquitted of battery on a law enforcement officer. (Defs.' Mot. for Summ. J. at 2.)

## II. ANALYSIS

**A. Timeliness**

Plaintiff's first, second and sixth counts, which allege violations of section 1983 and negligence, must be dismissed as untimely.  Defendants correctly note, and Plaintiff does not

dispute, that these counts must be brought within four years of accrual. *See City of Hialeah v. Rojas*, 311 F. 3d 1096, 1103 (11th Cir. 2002). These claims accrued on May 5, 2004 upon occurrence of the altercation, yet suit was not brought until July 17, 2009–more than four years later.

Plaintiffs fifth count–for false arrest and imprisonment–must be dismissed as untimely. An action for false imprisonment accrues when the unlawful detention ends. *Mondragon v. Thompson*, 519 F. 3d 1078, 1083-84 (10th Cir. 2008). "[F]alse imprisonment consists of detention without legal process…false imprisonment ends once the victim becomes held *pursuant to such process*-when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007). Plaintiff was arraigned on July 15, 2005–more than four years before suit was filed. *See also Hansen v. State*, 503 So. 2d 1324, 1326 (Fla. 1st D.C.A. 1987) (noting that state law cause of action for false imprisonment accrues upon arrest).

**B. Failure to State Claims Upon Which Relief Can be Granted**

Plaintiff's third count–conflict of interest–must be dismissed for failure to state a cause of action cognizable under federal or state law.

Plaintiff's fourth count, which alleges malicious prosecution, is barred by Plaintiff's conviction of a lesser-included offense. Lesser-included offenses fall into two categories: necessary and permissive. Necessarily lesser-included offenses are those offenses in which the statutory elements of the lesser-included offense are always subsumed within those of the charged offense. *State v. Paul*, 934 So. 2d 1167, 1176 (Fla. 2006). A permissive lesser-included offense exists when "the two offenses appear to be separate [on the face of the statutes], but the facts alleged in the accusatory pleading are such that the lesser [included] offense cannot help but be perpetrated once the greater offence has been." *State v. Weller*, 590 So. 2d 923, 925 n.2 (Fla. 1991). Obstructing and resisting without violence is not a necessarily lesser-included offense of battery on a law enforcement officer. "[O]ne could obstruct or oppose a law enforcement officer by threatening violence and still at the same time not be committing a battery on the law enforcement officer." *State v. Henriquez*, 485 So. 2d 414, 415 (Fla. 1986). Likewise, "the placement of an unwanted hand on an officer's arm qualifies as a battery, although no resistance or obstruction occurs." *Larkins v. State*, 476 So. 2d 1383, 1384 (Fla. 1st D.C.A. 1985). Under

the particular factual circumstances of the instant matter, obstructing and resisting without violence is a permissive lesser-included offense because the degree and nature of physical force alleged in the charging instrument to support the charge of battery would have also constituted "opposing" or "resisting" a law enforcement officer sufficient to constitute obstruction. *See State v. Legnosky*, --- So. 3d ----, 2010 WL 567249, *2 (Fla. 2d D.C.A. 2010) ("to establish a charge of resisting an officer without violence, the State must prove that: (1) the police officer was engaged in the execution of legal process or execution of a legal duty, and (2) the defendant's actions constituted obstruction or resistance.").

*St. Germain v. Isenhower*, 98 F. Supp. 2d 1366 (S.D. Fla. 2000), held that conviction of a lesser-included offense barred an action for malicious prosecution based on the (greater) offense for which the defendant was acquitted. *Isenhower* relied on *Uboh v. Reno*, an Eleventh Circuit decision which held that unilateral dismissal of drug charges by the prosecutor, despite defendant's later conviction of accompanying charges of credit card fraud, constituted a favorable termination of proceedings–a prerequisite to a malicious prosecution action–where "[e]ach of the offenses contain[ed] entirely different elements, *neither charge [was] a lesser-included offense of the other*, and the charges were not tried as part of the same proceeding[.]" 141 F. 3d 1000, 1005 (11th Cir. 1998) (emphasis added).  The italicized language suggests to this Court, as it did to the *Isenhower* court, that had the defendant been convicted of a lesser-included offense, the court would have deemed the proceedings to have terminated unfavorably.  *But see Posr v. Doherty*, 944 F. 2d 91, 100 (2d Cir. 1991) ("If the rule were the one followed by the district court, an officer with probable cause as to a lesser offense could tack on more serious, unfounded charges which would support a high bail or a lengthy detention, knowing that the probable cause on the lesser offense would insulate him from liability for malicious prosecution on the other offenses.").

### III. CONCLUSION

Plaintiff's claims for negligence, violation of section 1983 and false arrest and imprisonment are time-barred.  Plaintiff's remaining claims fail to state causes of action upon which relief can be granted.[1]

---

[1] Defendants also argued that Plaintiff's claims were barred for failure to comply with the notice requirements of section 768.28(6) of the Florida Statutes.  (Mot. for Summ. J. at 10

     Accordingly, it is hereby ORDERED that the Motion is GRANTED.  Summary Judgment is entered in favor of Defendants.

     DONE in Chambers, Miami, Florida, March 16, 2010.

                                               Paul C. Huck
                                               United States District Judge

**Copies furnished to:**
All Counsel of Record

---

("Plaintiff provided multiple Notices of Claim...[which] failed to provide his social security number...[or] state whether there were any owed judgments, fees, fines, etc.").)  None of the parties, though, cited *Williams v. Henderson*, 687 So. 2d 838 (Fla. 2d D.C.A. 1996), which indicates that Plaintiff need not provide this information in his notice, so long as the information is timely conveyed pursuant to section 768.28(6)(d).