UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61426-CIV-HUCK/O'SULLIVAN

ALVIN BELL,

    Plaintiff,

v.

KEN JENNE, et al,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the Defendants' Corrected Motion for Attorney's Fees and Costs (DE # 50, 4/16/10). This case was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Paul C. Huck, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. §636. Having carefully considered the motion, the court file and the applicable law, the undersigned recommends that the Defendants' Corrected Motion for Attorney's Fees and Costs (DE # 50, 4/16/10) be GRANTED in part and DENIED in part as more fully described below.

## BACKGROUND

The plaintiff, Alvin Bell, filed a complaint in this matter asserting causes of action under 42 U.S.C. § 1983. The case was removed to this Court on September 9, 2009, (DE # 1). The defendants filed a Motion for Summary Judgment on February 16, 2010, (DE # 18). The Court granted Summary Judgment in favor of the defendants on March 16, 2010, (DE # 45) and dismissed the case with prejudice. On March 16, 2010, the

Court issued a Final Judgment in this matter in favor of the defendants (DE # 46).  The defendants filed the Defendants' Corrected Motion for Attorney's Fees and Costs (DE # 50) on April 16, 2010.  The plaintiff failed to respond to the Defendants' Corrected Motion for Attorney's Fees and Costs (DE # 50, 4/16/10) in a timely fashion and the undersigned issued an Order on May 20, 2010, (DE # 55) ordering the plaintiff to "file a response to the Defendants' Corrected Motion for Attorney's Fees and Costs (DE # 50, 4/16/10) on or before June 3, 2010" pursuant to Rule 7.1(C), Local Rules for the United States District Court for the Southern District of Florida which provides, in pertinent part:

> Each party opposing a motion shall serve an opposing memorandum of law no later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure.  **Failure to do so may be deemed sufficient cause for granting the motion by default**.  (Emphasis supplied).

The plaintiff was warned that the "failure to file a response may result in a recommendation that the Defendants' Corrected Motion for Attorney's Fees and Costs (DE # 50, 4/16/10) be granted in its entirety."   The plaintiff has not responded to the defendants' Motion for Attorney's Fees and Costs.

## DISCUSSION

### I. Attorney's Fees

#### A. Entitlement to Attorney's Fees

Title 42 U.S.C. § 1988 demonstrates a clear intent to provide for a reasonable award of attorney's fees to the prevailing party as part of taxable costs in a suit brought under any of the designated civil rights statutes.  The statute specifically provides that:

> In any action or proceeding to enforce a provision of
> sections 1981, 1981a, 1982, 1983, 1985 and 1986 of this

> title, title IX of Public Law 92-318, the Religious Freedom
> Restoration Act of 1993, title VI of the Civil Rights Act of
> 1964, or section 13981 of this title, the court in its discretion,
> may allow the prevailing party, other than the United States,
> a reasonable attorney's fees as part of the costs.

42 U.S.C. § 1988. Congress expressly granted broad discretion to the federal courts in determining an award of attorney's fees.

In the instant matter, the defendants were the prevailing party because the Court entered summary judgment in their favor. Accordingly, the defendants seek to recover attorney's fees pursuant to the standards articulated in Christianburg Garment Co. v. EEOC, 434 U.S. 412 (1978). Under Christianburg, a prevailing defendant is entitled to an award of fees in a claim brought under § 1983 if it is shown that the plaintiff's case was frivolous, unreasonable, or without foundation. The action need not be brought in bad faith.

In their Motion For Attorney's Fees, the defendants claim that the plaintiff's action under §1983, was frivolous, unreasonable and without foundation, because the plaintiff's § 1983 claims were dismissed as untimely, and the plaintiff did not dispute that the claims needed to be brought within four (4) years.

Even if the plaintiff did not act in bad faith, the defendants are still entitled to recover fees if the plaintiff's claim were "frivolous, unreasonable, or without foundation". Sullivan v. School Board of Pinellas City, 773 F.2d 1182, 1189 (11th Cir. 1985). The Sullivan Court declared that a finding that a case is frivolous and unreasonable is supported where the party fails to produce any evidence in support of any material issue. Sullivan expressly states that the three conditions the court should consider in

3

determining whether a claim is frivolous include:

> (1) whether the Plaintiff established a *prima facie* case;
> (2) whether the Defendant offered to settle; and,
> (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.

Id. at 1189.  Nevertheless, the Eleventh Circuit cautioned that these factors are to serve merely as a guideline, and that determinations of frivolity are to be made on an ad hoc basis. Id. at 1189.

In the instant matter, the claims against the defendants were frivolous.  Despite the fact that the claims under § 1983 were untimely, and the plaintiff did not dispute that the claims were untimely, the plaintiff still filed this case.  The plaintiff was aware that his case under §1983 was untimely, but still pursed the action.  Accordingly, after a thorough review of the case file, the undersigned finds that the plaintiff's action was frivolous.

Moreover, Rule 7.1(C), Local Rules for the United States District Court for the Southern District of Florida provides, in pertinent part:

> Each party opposing a motion shall serve an opposing memorandum of law no later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure.  **Failure to do so may be deemed sufficient cause for granting the motion by default**.  (Emphasis supplied).

Despite the Court's order instructing him to respond, as of the date of this Report and Recommendation, the plaintiff has failed to file an opposing memorandum of law to the Motion for Fees and Costs.  The courts have declared that, "it is well established that the district court has the authority to . . . enter default judgment . . . for failure to . . . comply with its orders."  See  Flaska v. Little River Marine Construction Co., Inc., 389

4

F.2d 885, 887 (5th Cir. 1968)[1], cert. den. 392 U.S. 928 (1968) (citations omitted).

B. Amount of Fee Award

Having determined that the defendants are entitled to an award of attorney's fees incurred in connection with the defense of this lawsuit, the undersigned next addresses the appropriate amount of that fee award.  In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services.  See Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994).  These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar".  Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorney's fee.  See Blum v. Stenson, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984).

      1. Reasonable Hourly Rate

The Court must first evaluate the defendants' requested fee in terms of the appropriate hourly rate.  In order to determine a reasonable and proper fee award, the court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services.  See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 104 S. Ct.

---

[1] The Eleventh Circuit in Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

5

1541 (1984). In determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." <u>Mallory v. Harkness</u>, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing <u>Dillard v. City of Elba</u>, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993)). The defendants request an hourly rate of $125.00 for 162.00 hours for a total of $20,000.00. The defendant has provided the Court with an exhibit which adequately outlines all fees incurred in the instant mater. The statement describes the nature of the work performed in detail and states the corresponding number of hours worked. The defendants also attached to their motion, as exhibits in support of its Motion for Fees and Costs, an Affidavit of Beth J. Leahy, Esq., the attorney handling the case, attesting to the reasonableness of the requested fees. The undersigned notes that the plaintiff, in failing to respond to the motion, has not raised an objection to either the rate sought or an award of fees for work done by counsel.

Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work. <u>Norman</u>, 836 F.2d at 1299. Furthermore, the court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem excessive. <u>Norman</u>, 836 F.2d at 1303 (citing <u>Davis v. Board of School Commissioners of Mobile County</u>, 526 F.2d 865, 868(5th Cir. 1976)). Having

6

considered and weighed the evidence, counsels' reputation and experience in the areas of the applicable law, and the Court's familiarity attorneys' fees in general, the undersigned finds that the hourly rate of $125.00 is reasonable and should be awarded.

### 2. Hours Reasonably Expended

The Court must next evaluate the defendants' requested fee for reasonableness in terms of the total hours expended by defense counsel. The defendants' motion requests reimbursement for 162.0 hours.

This Court may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment when reviewing a claim for hours reasonably expended. See Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary," the court may reduce the number of hours for which fees will be awarded. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985); see also Loper v. New York City Police Dep't, 853 F. Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous records have not been kept, the court should not award the full amount requested").

Upon independent review of the defendants' billing records submitted to this Court, the undersigned finds that it was reasonable for counsel to spend 162.00 hours litigating this case.

Accordingly, the undersigned respectfully recommends that the defendants be awarded attorneys fees in the amount of $20,000.00.[2]

---

[2] $125.00 per hour multiplied by 162 hours equals $20,250.00, but the affidavit attached to the defendants' motion indicates that the amount of fees being sought is

**II. Costs**

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED.R.CIV.PRO. 54(d)(1). "A 'prevailing party' for purposes of Rule 54(d), is a party in whose favor judgment is rendered . . . this means the party who won at trial level, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded."  See All West Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co., 153 F.R.D. 667, 668-69 (D. Kan. 1994).   The defendants prevailed in the case at bar and,  therefore, are entitled to receive all costs recoverable under 28 U.S.C. § 1920.   A court may only tax those costs which are specifically authorized by statute. See  Crawford Fitting Co.  v.  J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

A judge or clerk of any of court the United States may tax as costs the following:

   (1) Fees of the clerk and marshal;

   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

   (3) Fees and disbursements for printing and witnesses;

   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

   (5) Docket fees under § 1923 of this title

---

$20,000.00.

>> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920. In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs. However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. See <u>EEOC v. W&O, Inc.</u>, 213 F.3d 600, 620 (11th Cir. 2000).

The defendants request reimbursement in the amount of $3,197.57 for their costs associated with this lawsuit. The undersigned recommends the following costs be awarded:

1. <u>Fees of the Clerk</u>

The defendants request $350.00 associated with the Clerk of Court filing fee in this matter. These costs are reasonable and permitted under 28 U.S.C. § 1920(1). The undersigned recommends that the defendants be awarded the total costs associated with Clerk of Court filing fee in the amount of ***$350.00.***

2. <u>Fees for Service of Subpoenas</u>

The undersigned recommends that the defendants be awarded the following costs and expenses associated with fees for service of summons and subpoenas. The defendants seek reimbursement in the amount of $300.00 which may be recovered under 28 U.S.C. § 1920(1). These costs are a reasonable taxable cost under § 1920(1). In accordance with the foregoing the undersigned recommends that the defendants be awarded ***$300.00*** for expenses associated with the service of summons

9

and subpoenas.

    3. <u>Fees Printed or Electronically Recorded Transcripts Necessarily Obtained for use in the Case</u>

The defendants request $1,722.60 for the costs associated with printed or electronically recorded transcripts necessarily obtained for use in the case. 28 U.S.C. § 1920(2) states that a judge or clerk or any court of the United States may tax as costs "the fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). These costs are reasonable and permitted under the statute. The undersigned recommends that the defendants be awarded the total costs associated with fees for printed or electronically recorded transcripts necessarily obtained for use in the case in the amount of ***$1,722.60.***

    4. <u>Fees for Witnesses</u>

The defendants request reimbursement in the amount of $181.00 for the costs associated with fees for witnesses. These costs are permitted under 28 U.S.C. § 1920(3). The undersigned recommends that the defendants be awarded the total costs associated with the fees for witnesses in the amount of ***$181.00***.

    5. <u>Fees for Exemplification</u>

The defendants request reimbursement in the amount of $325.97 for fees associated with exemplification. 28 U.S.C. § 1920(4) allows for recovery of "fees for exemplification and the costs of making copies of any materials where the copies necessarily obtained for use in the case." 28 U.S.C. § 1920(4). These costs are reasonable and permitted under the statute. The undersigned recommends that the

defendants be awarded the total costs associated with fees for exemplification in the amount of **$325.97.**

      6. Mediator Fee

The defendants request reimbursement in the amount of $318.00 for the mediator. Mediation costs are not permitted under the costs statute and no costs associated with the mediator fee should be awarded to the defendants.

In accordance with the above and foregoing, the undersigned recommends that the defendants be awarded **$2,879.57** for the costs recoverable under 28 U.S.C. § 1920.

## RECOMMENDATION

In accordance with the foregoing Report and Recommendation, the undersigned respectfully recommends that the Defendants' Corrected Motion for Attorney's Fees and Costs (DE # 50, 4/16/10) be GRANTED in part and DENIED in part in accordance with the foregoing Report and Recommendation and as permitted under Rule 7.1(C), Local Rules for the United States District Court for the Southern District of Florida. The undersigned further recommends that the defendants be awarded fees in the amount of $20,000.00 and costs in the amount of $2,879.57.

The parties have 14 days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul Huck, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958,

109 S.Ct. 397 (1988); <u>RTC v. Hallmark Builders, Inc.</u>, 996 F. 2d 1144, 1149 (11th Cir. 1993).

      Respectfully submitted at the United States Courthouse, Miami, Florida this 1st day of July, 2010.

                                              _____
                                              JOHN J. O'SULLIVAN
                                              UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All counsel of record